Honorable John H. Chun

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| SARAH MINSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ULTA SALON COSMETICS & FRAGRANCE INC., a foreign profit corporation doing business as ULTA BEAUTY; ULTA BEAUTY CREDIT SERVICES CORPORATION, a foreign profit corporation doing business as ULTA BEAUTY; and DOES 1-20, as yet unknown Washington entities,<br><br>Defendants. | No. 2:25-cv-01675-JHC<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT** |

Plaintiff Sarah Minson ("Plaintiff"), individually and on behalf of all others similarly situated ("Class"), brings this action against Defendants Ulta Salon, Cosmetics & Fragrance, Inc. and Ulta Beauty Credit Services Corporation (together, "Defendants" or "Ulta") and alleges, upon personal knowledge as to Plaintiff's own actions and Plaintiff's counsel's investigation, and upon information and belief as to all other matters, as follows:

## I. NATURE OF THE CASE

1. This is a class action lawsuit to remedy Defendants' business practice of illegally restricting, restraining, and prohibiting low-wage workers from engaging in lawful professions,



**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

trades, and businesses and from accepting or transacting business with customers in violation of Washington's Noncompetition Covenants Act, chapter 49.62 RCW.

2. The Washington Legislature ("Legislature") enacted chapter 49.62 RCW, effective January 1, 2020, to facilitate workforce mobility and protect low-wage workers by prohibiting restrictive covenants that limit competition or hiring. *See* RCW 49.62.005.

3. In so doing, the Legislature found that "[w]orkforce mobility is important to economic growth and development" and that "[a]greements limiting competition or hiring may be contracts of adhesion that may be unreasonable." RCW 49.62.005(1)-(2).

4. The Legislature defined a "noncompetition covenant" to include "every written or oral covenant, agreement, or contract by which an employee or independent contractor is prohibited or restrained from engaging in a lawful profession, trade, or business of any kind." RCW 49.62.010(4).

5. Effective January 1, 2020, a "an employer may not restrict, restrain, or prohibit an employee earning less than twice the applicable state minimum hourly wage from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed." RCW 49.62.070(1).

6. In prohibiting employers from restricting low-wage workers' ability to hold supplemental employment, the Legislature—as confirmed by the Washington Supreme Court—recognized that "many low wage workers must work multiple jobs" to earn a livable wage and "to provide for themselves and their families." *David v. Freedom Vans, LLC*, 4 Wn.3d 242, 244, 253 (2025). Recognizing this economic reality, the Legislature specifically intended to "broadly protect" these economically vulnerable workers "by allowing them to secure supplemental employment within their industry." *Id.* at 249 n.3 (citing ENGROSSED SUBSTITUTE H.B. 1450, 66th Leg., Reg. Sess. (Wash. 2019)).

7. If an employer seeks greater control over their employees by restricting the worker's freedom to hold an additional job, "they have a simple solution—pay the worker more than twice the applicable state minimum hourly wage." *Id.* at 260 (Lewis, J., concurring).



**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

8. To better protect Washington workers from unreasonable and illegal restrictive covenants, the Legislature mandated that chapter 49.62 RCW "be construed liberally for the accomplishment of its purposes." RCW 49.62.110.

9. In 2024, the Legislature clarified the liberal construction mandate of chapter 49.62 RCW in response to courts "misinterpret[ing]" the statutory provisions and "fail[ing] to embrace that the statute should be liberally construed." S.B. REP. ON ENROLLED SUBSTITUTE S.B. 5935, 68th Leg., Reg. Sess. (Wash. Feb. 6, 2024) ("ESSB 5935 Bill Report"). The Legislature clarified the importance of this liberal mandate by repeating its express requirement that courts "liberally constru[e]" the "provisions in [chapter 49.62 RCW] facilitating workforce mobility and protecting employees and independent contractors" and "narrowly constru[e]" its exceptions. RCW 49.62.005(3); SSB 5935, 68th Leg., Reg. Sess. (Wash. 2024) (effective June 6, 2024); *see also David*, 4 Wn.3d at 245, 247, 248-50 (applying liberal construction to RCW 49.62.070).

10. In the 2024 amendments, the Legislature also clarified that the prohibition on noncompetition covenants includes "agreement[s] that directly or indirectly prohibit[] the acceptance or transaction of business with a customer." RCW 49.62.010(4). The Legislature intended to clarify that an employer cannot prevent a former employee from accepting business from customers. ESSB 5935 Bill Report at 4. This amendment was, again, in direct response to "courts . . . misconstru[ing] nonacceptance of business clauses as nonsolicitation covenants." *Id.*

11. Supporters of the 2024 amendments, which clarified worker protections, highlighted the harm of noncompete clauses generally, noting that these restrictions "interfere with a person's ability to seek or accept a new job," "suppress wages[,] and allow[] large companies to control workers." ESSB 5935 Bill Report at 4.

12. In violation of chapter 49.62 RCW generally, and RCW 49.62.070 specifically, Defendants unlawfully restricted, restrained, or prohibited Plaintiff and approximately 4,679 Class members from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed, while paying them less than twice the applicable state minimum hourly wage.



**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

13. Plaintiff and each Class member seek $5,000 in statutory damages, as well as their respective attorneys' fees and costs, as set forth in RCW 49.62.080.

## II. JURISDICTION AND VENUE

14. Based on Defendants' representation in their Notice of Removal, ECF No. 1, jurisdiction is proper in this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the action was removed by Defendants to the U.S. District Court for the Western District of Washington, which embraces King County, the place where the action was pending.

## III. PARTIES

16. Plaintiff Sarah Minson resides in Washington and was employed by Defendants in Washington.

17. Defendant Ulta Salon, Cosmetics & Fragrance, Inc. is a foreign profit corporation doing business as Ulta Beauty, that regularly transacts business in King County, Washington and has offices for the transaction of business throughout King County, Washington, including at 15600 Northeast 8th Street, Suite F-15, Bellevue, Washington 98009; 2600 Southwest Barton Street, Suite B-18, Seattle, Washington 98126; and 401 Northeast Northgate Way, Suite 1110, Seattle, Washington 98125.

18. Defendant Ulta Beauty Credit Services Corporation is a foreign profit corporation doing business as Ulta Beauty, that regularly transacts business in King County, Washington.

19. Plaintiff is currently unaware of the true names and capacities of the defendants sued herein under fictitious names Does 1-20, inclusive, and therefore sues such defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of the fictitiously named defendants when their true names and capacities havebeen ascertained. Plaintiff is informed and believes, and thereon alleges, each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiff and the Class.



**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

## IV. STATEMENT OF FACTS

**Ulta's Business Operations**

20. Ulta is a publicly traded fortune 500 corporation and the largest specialty beauty retailer in the United States, with over 1,451 stores across the county, 37 of which are located in Washington state. *See Company Information*, ULTA, https://www.ulta.com/investor/company-information (last visited Sept. 29, 2025).

21. According to Vice President, People Enablement, Devon Byrne, from July 28, 2022, through July 8, 2025, "[a]pproximately 4,679 individuals" have worked for Ulta in Washington and earned less than $28.98 per hour in 2022; less than $31.48 per hour in 2023; less than $32.56 per hour in 2024; or less than $33.32 in 2025. *See* Decl. of Devon Byrne ¶¶ 4-5.

22. A true and correct copy of Devon Byrne's declaration of September 22, 2025, is attached hereto as Exhibit A.

23. Ulta requires that all employees, irrespective of pay, location, or job title, review and abide by the covenants set forth in the "Ulta Beauty Code of Business Conduct."

24. Ulta provides its "Ulta Beauty Code of Business Conduct" to all employees at the outset of their employment and periodically during employment as updated versions are published.

25. Further, Ulta makes all its policies and procedures available to its employees online through its proprietary Ultanet portal.

26. Relevant excerpts from the "Ulta Beauty Code of Business Conduct[,]" including its "Conflicts of Interest" section, are attached as Exhibit B. It states in pertinent part:

> We want to you to make objective decisions on our behalf. A conflict of interest arises when your personal interests affect your ability to put Ulta Beauty first. Even the appearance of a conflict or some other potential impropriety can damage our company's reputation. You have a responsibility to avoid conflicts of interest – or even the appearance of one – and to refrain from using our property, information, or your position for personal gain.
>
> *Even the appearance of a conflict can damage our company's reputation.*



**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

> **Spotting conflicts**
> While it's not possible to list every situation that can present a conflict of interest, there are a few circumstances where they typically arise:
>
> **A second job** – working in a position that competes with Ulta Beauty or interferes with the time, talent, energy, or commitment that you bring to your job . . .
>
> **Outside activities** – serving on a board of directors or as advisor of an organization whose interests conflict with those of our company. While it may be okay to serve on a board of a professional association or nonprofit, serving on a board of a supplier, guest or competitor is almost always considered a conflict of interest.

(emphasis in original).

27. These outside employment covenants within the Ulta Beauty Code of Business Conduct ("Outside Employment Covenants") impermissibly restrict, restrain, and prohibit Plaintiff and Class members from engaging in lawful professions, trades, or businesses, including working for Ulta's competitors.

28. Upon information and belief, Ulta requires that all employees undergo training on the Outside Employment Covenants, which takes place when employees are first hired and periodically throughout the duration of their employment.

29. Upon information and belief, Ulta maintains additional written covenants, oral covenants, and/or contracts governing its employees' ability to engage in lawful professions, trades, or businesses, including working for competitors, as well as their ability to accept or transact business with customers.

30. Ulta's Outside Employment Covenants and other outside employment policies and practices are unlawful and unreasonable in that they restrict, restrain, and prohibit all employees from having additional jobs, supplementing their income by working for other employers, working as independent contractors or being self-employed.

31. Ulta's Outside Employment Covenants and other outside employment policies and practices reflect a standard business practice designed to prevent Plaintiff and Class members—



**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

employees earning less than twice the Washington minimum wage—from having second jobs.

**Plaintiff Sarah Minson**

32. Plaintiff is a former employee of Defendant.

33. Plaintiff worked as a Retail Operations Manager and Acting General Manager for Ulta from approximately November 2017 to September 2022.

34. Plaintiff worked at the Ulta store located at 3500 South Meridian, Suite 510, Puyallup, Washington 98373.

35. Plaintiff earned less than twice the applicable Washington state minimum hourly wage throughout her tenure working for Ulta.

36. Upon hire, Plaintiff was provided with a copy of the Ulta Beauty Code of Business Conduct.

37. Plaintiff was informed at hire, and subsequently throughout her tenure with Ulta, that she was required to abide by all of the covenants within the Ulta Beauty Code of Business Conduct, including the Outside Employment Covenants, as a condition of employment.

38. Plaintiff was prohibited from obtaining supplemental employment with any of Ulta's competitors as a result of being bound to the Outside Employment Covenants within the Ulta Beauty Code of Business Conduct.

39. Ulta restricted, restrained, and prohibited Plaintiff from having an additional job, supplementing her income by working for another employer, working as an independent contractor, or being self-employed.

40. But for Ulta binding Plaintiff to its Outside Employment Covenants, Plaintiff would have explored opportunities to supplement her income by moonlighting at other beauty retail stores.

41. Plaintiff suffered economic and non-economic harm and damages, including but not limited to lost income opportunities, reduced bargaining power and workforce mobility, unemployment risk, and diminished career mobility as a result of being restricted, restrained, and prohibited from working for Ulta's competitors.



**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

42. Plaintiff also suffered economic harm and damages in the form of underpaid wages as Plaintiff should have earned more than $28.98 per hour in 2022.

43. As a result of Ulta's violations of RCW 49.62.070, Plaintiff seeks statutory damages of $5,000, plus her reasonable attorneys' fees and costs.

**Plaintiff and Class Members**

44. Plaintiff and Class members are current and former Washington employees of Ulta.

45. During the Class Period, Plaintiff and Class members earned less than twice the applicable state minimum hourly wage as set forth below:

| Year | Washington Min. Wage | RCW 49.62.070(1) Threshold |
|---|---|---|
| 2022 | $14.49 per hour | $28.98 per hour |
| 2023 | $15.74 per hour | $31.48 per hour |
| 2024 | $16.28 per hour | $32.56 per hour |
| 2025 | $16.66 per hour | $33.32 per hour |

*History of Washington State's Minimum Wage*, WASH. STATE DEP'T OF LAB. & INDUS., https://lni.wa.gov/workers-rights/wages/minimum-wage/history-of-washington-states-minimum-wage (last visited Sept. 29, 2025); RCW 49.62.070(1).

46. Despite earning less than twice the applicable state minimum hourly wage from their employer Ulta, Class members were subject to, and were required to abide by, Ulta's Outside Employment Covenants.

47. Upon information and belief, Plaintiff and Class members were subject to additional written covenants, oral covenants, agreements, and/or contracts prohibiting, restricting, and restraining them from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed despite earning less than twice the applicable state minimum hourly wage from Ulta.

48. Ulta restricted, restrained, and prohibited Plaintiff and Class members from having an additional job, supplementing their income by working for another employer, working as an



**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

independent contractor, or being self-employed.

49. By restricting, restraining, and prohibiting Plaintiff and Class members from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed while paying them less than twice the applicable state minimum hourly wage, Ulta violated their statutory rights under chapter 49.62 RCW.

50. Plaintiff and Class members suffered economic and non-economic harm and damages, including but not limited to lost income opportunities, reduced bargaining power, unemployment risk, and diminished career mobility as a result of being restricted, restrained, and prohibited from having an additional job by Ulta.

51. Plaintiff and Class members also suffered economic harm and damages in the form of underpaid wages as they should have been paid at least twice the applicable Washington state minimum hourly wage while being restricted, restrained, and prohibited from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed.

52. As a result of Ulta's violations of RCW 49.62.070, Plaintiff and Class members seek statutory damages of $5,000, plus their reasonable attorneys' fees and costs.

## V. CLASS ACTION ALLEGATIONS

53. Class Definition. Under Civil Rule 23(a) and (b)(3), Plaintiff brings this case as a class action against Defendants on behalf of the Class defined as follows:

> All current and former employees of Ulta Salon, Cosmetics & Fragrance, Inc. or Ulta Beauty Credit Services Corporation who worked in Washington and earned less than twice the applicable state minimum hourly wage from July 28, 2022, through the date of certification of the Class.

54. Excluded from the Class are Defendants and their officers and directors.

55. Numerosity. There are approximately 4,679 Washington employees who earned less than twice the applicable state minimum hourly wage, and were restricted, restrained, or


EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

prohibited from having an additional job. Joinder of all such individuals is impracticable. Further, the disposition of all claims of the Class in a single action will provide substantial benefits and efficiency to all parties and to the Court.

56. Commonality. Because Class members were subject to identical or virtually identical policies and practices as Plaintiff, this is a straightforward matter of determining whether Defendants' actions violate Washington law and, if so, assessing statutory damages.

57. Typicality. Plaintiff's claims are typical of the claims of the Class. Plaintiff and Class members all worked for Defendants in Washington, earned less than twice the applicable state minimum hourly wage, and were restricted, restrained, or prohibited from having an additional job.

58. Adequacy. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with substantial experience in complex class action litigation. Plaintiff and Plaintiff's counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel have interests that are contrary to, or that conflict with, those of the Class.

59. Predominance. Defendants have engaged in a common course of conduct of restricting, restraining, or prohibiting low-wage workers from having an additional job in violation of RCW 49.62.070. The common issues arising from Defendants' unlawful conduct affect Plaintiff and Class members and predominate over any individual issues. Adjudication of these common issues in a single action has the important and desirable advantage of judicial economy.

60. Superiority. Plaintiff and the Class have suffered, and will continue to suffer, harm and damages as a result of Defendants' unlawful conduct. However, absent a class action, most Class members would find the cost of litigating their claims prohibitive, especially when that cost is balanced against each individual's respective potential award. Class treatment is superior to multiple individual lawsuits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for claimants with smaller



**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

cases and those with few resources, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The members of the Class and the agreements they were subject to are readily identifiable through Defendants' records.

## VI. CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**VIOLATION OF RCW 49.62.070**
***Claim of Relief for Plaintiff and the Class***

61. Plaintiff incorporates by reference all foregoing factual allegations and realleges them as though fully set forth herein.

62. Each Defendant is an "employer" as defined by RCW 49.62.010(2).

63. Plaintiff and Class members are "employees" as defined by RCW 49.62.010(2).

64. Defendants employed Plaintiff and Class members in Washington.

65. Plaintiff and Class members earned less than twice the applicable state minimum wage from Defendants.

66. Defendants restricted, restrained, or prohibited Plaintiff and Class members from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed.

67. Defendants' actions and omissions violate RCW 49.62.070.

68. As a result of Defendants' actions and omissions, Plaintiff and Class members have experienced economic and non-economic harm.

69. Plaintiff and Class members were aggrieved by Defendant's violations of RCW 49.62.070.

70. Plaintiff and Class members each seek $5,000 in statutory damages, plus their costs and reasonable attorneys' fees pursuant to RCW 49.62.080.

## VII. REQUEST FOR RELIEF

71. Plaintiff, individually and on behalf of members of the Class, requests that the Court enter judgment against Defendants as follows:

a. An order certifying that this action be maintained as a class action and



**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

appointing Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

b. Statutory damages of $5,000 to Plaintiff and each Class member pursuant to RCW 49.62.080;

c. Attorneys' fees and costs pursuant to RCW 49.62.080;

d. Pre- and post-judgment interest;

e. Injunctive relief prohibiting, restraining, and enjoining Defendants from engaging in the conduct complained of herein;

f. Declaratory relief to the effect that Defendants' anti-moonlighting policies violate Washington law;

g. Leave to amend this complaint to conform to the evidence; and

h. Any additional or further relief the Court deems equitable, appropriate, or just.

Respectfully submitted this 10th day of October, 2025.

EMERY | REDDY, PLLC

By: */s/ Timothy W. Emery*

Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
Hannah M. Hamley, WSBA No. 59020
Emery Reddy, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com
*Attorneys for Plaintiff*

# EXHIBIT A

HONORABLE JOHN H. CHUN

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

SARAH MINSON, individually and on behalf of all others similarly situated,

Plaintiff,

v.

ULTA SALON, COSMETICS & FRAGRANCE, INC., a foreign profit corporation doing business as ULTA BEAUTY; ULTA BEAUTY CREDIT SERVICES CORPORATION, a foreign profit corporation doing business as ULTA BEAUTY; and DOES 1-20, as yet unknown Washington entities,

Defendants.

Case No. 2:25-cv-01675-MJP

**DECLARATION OF DEVON BYRNE**

I, Devon Bryne, declare under penalty of perjury the following:

1. I am over 18 years old and am competent to make this declaration. This declaration is based on my personal knowledge, and if called as a witness, I could and would testify as to their accuracy.

2. I am Vice President, People Enablement at Defendant Ulta Salon, Cosmetics & Fragrances, Inc. ("Ulta"). In this capacity, I am familiar with the corporate and organizational structure of Ulta.


OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

3. Due to the nature of my role as the Vice President, I also have access to employment records and personnel-related information for Plaintiff Sarah Minson ("Plaintiff") and other current and former employees of Ulta. These records include, but are not limited to, payroll records, employment/personnel files, and other records maintained in Ulta's Human Resources systems. All of these records are kept and maintained by Ulta in the ordinary course of business under my direction and control.

4. In preparation for this declaration, I have reviewed the relevant personnel files and employment records for Plaintiff and the employees that Plaintiff seeks to represent in this action. Specifically, I have reviewed records for current and former hourly-paid employees of Ulta who worked in Washington State from July 28, 2022 through July 8, 2025 that fell into the following categories: employees with an hourly pay rate less than $28.98 per hour in 2022; employees with an hourly pay rate less than $31.48 per hour in 2023; employees with an hourly pay rate less than $32.56 per hour in 2024; and employees who had an hourly pay rate less than $33.32 in 2025.

5. Approximately 4,679 individuals meet the parameters set forth in Paragraph 4 above.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNED THIS _22__ day of September at __Bolingbrook___, _Illinois____.

Devon Byrne

Devon Byrne, Vice President of People Enablement, Ulta Beauty Inc.



OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

**CERTIFICATE OF SERVICE**

I hereby certify that on September ______, 2025, I served the foregoing DECLARATION OF DEVON BYRNE via the method(s) below on the following parties:

Timothy W. Emery, WSBA #34078
Patrick B. Reddy, WSBA #34092
Paul Cipriani, WSBA #59991
Hannah M. Hamley, WSBA #59020
Emery | Reddy, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Email: emeryt@emeryreddy.com
reddyp@emeryreddy.com
paul@emeryreddy.com
hannah@emeryreddy.com

*Attorneys for Plaintiff Sarah Minson*

☐ by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☒ by **e-mailing** a true and correct copy to the last known email address of each person listed above.

SIGNED THIS ___ day of September, 2025 at Seattle, Washington.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Kristen Kulgren*
Kristen Kulgren, Practice Assistant
kristen.kulgren@ogletree.com


OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

# EXHIBIT B

# THE ULTA BEAUTY CODE OF BUSINESS CONDUCT

Beauty from the Inside Out



ENTER

ULTA BEAUTY

# ETHICAL CONDUCT

## Your actions help shape our future.

As an Ulta Beauty associate, you have a responsibility to:

**Read The Ulta Beauty Code.** Review the Ulta Beauty Code often and use it as a resource to help you make ethical decisions.

**Work ethically.** Be honest, ethical, and transparent. Follow the Ulta Beauty Code, policies, and the law.

**Take action.** If you see or suspect a violation of the Ulta Beauty Code, policies, or the law, speak up so that we can address it. Never stay silent about misconduct.

**Ask questions.** If you're ever unsure of something, ask for help.

**Cooperate with investigations.** Promptly respond to any requests regarding an investigation and provide complete and accurate information.

### How do I know if I'm making the right choice?

Sometimes the right choice is not always the most obvious one. That's why using good judgment is so important. If you ever find yourself in an ethical dilemma, use the following model to help you determine the best course of action.




If you answered "**YES**" to all of the questions, then it's probably okay to move ahead. But if you answered "**NO**" to any of the questions, or if you're not sure, then stop and reconsider. Remember that you can always seek help if you ever need additional guidance.

# CONFLICTS OF INTEREST

## We're loyal and strive to always act in the best interest of our company and our guests.

We want you to make objective decisions on our behalf. A conflict of interest arises when your personal interests affect your ability to put Ulta Beauty first. Even the appearance of a conflict or some other potential impropriety can damage our company's reputation. You have a responsibility to avoid conflicts of interest – or even the appearance of one – and to refrain from using our property, information, or your position for personal gain.

*Even the appearance of a conflict can damage our company's reputation.*

### Spotting conflicts

While it's not possible to list every situation that can present a conflict of interest, there are a few circumstances where they typically arise:

**A second job** – working in a position that competes with Ulta Beauty or interferes with the time, talent, energy, or commitment that you bring to your job.

**Business opportunities** – taking an opportunity for yourself that you learned about through your position at Ulta Beauty or operating your own business that competes with our company.

**Personal relationships** – supervising a close friend or family member or helping someone with whom you share a close relationship with conduct business with Ulta Beauty.

**Financial interests** – investing in one of our guests, vendors, competitors, or a company that wants to conduct business with us.

**Outside activities** – serving on a board of directors or as advisor of an organization whose interests conflict with those of our company. While it may be okay to serve on a board of a professional association or nonprofit, serving on a board of a supplier, guest or competitor is almost always considered a conflict of interest.

### Disclosing conflicts

If you have or become aware of a real or apparent conflict of interest, including those listed above, it's important to disclose it right away to your manager or the HR Department. Many conflicts can be avoided or addressed if they are promptly disclosed and managed. Speak up if you have questions or are unsure about the right thing to do in any situation.

**What if...**

**Q.** I want to work for another retailer processing shipments after work and on my days off. Would that be a conflict of interest?

**A.** It depends. It could be a conflict if it interferes with your work at Ulta Beauty. You should talk to your manager first before accepting a position with the company.



# POLICY LINKS

**The policies mentioned in the Code are listed below.**

You can find copies of all of our policies on the UltaNet > Policies

Americans with Disabilities Act Policy

Anti-Harassment Discrimination Policy

Confidentiality Policy

Employment At-Will Policy

Ethics and Business in Business Transactions Policy

Inappropriate Relationships Policy

Insider Trading Policy

Open Door Policy

Official Government Inspections Policy and Procedure

Ulta Beauty Gift & Gratis Policy




# RESOURCES

**Legal Services**
email: legal@Ulta.com

**Human Resources Service Center**
email: hrservicecenter@Ulta.com

**Communications Department**
email: communicationdept@Ulta.com

**Loss Prevention**
email: lossprevention@Ulta.com

**Public Relations Department**
email: pr@Ulta.com

**Chief Compliance Officer**
email: legal@Ulta.com

**IT Service Desk**
email: Securityawareness@Ulta.com