UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SARAH MINSON,<br><br>Plaintiff,<br><br>v.<br><br>ULTA SALON COSMETICS & FRAGRANCE INC ET AL.,<br><br>Defendants. | CASE NO. 2:25-cv-01675-JHC<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court sua sponte. "Federal courts are courts of limited jurisdiction." *Richardson v. United States*, 943 F.2d 1107, 1112 (9th Cir. 1991). District courts thus "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008) ("[W]hether or not the parties raise the issue, federal courts are *required* sua sponte to examine jurisdictional issues such as standing.") (cleaned up and citations omitted).

"The party invoking federal jurisdiction bears the burden of establishing" it. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). This includes an obligation to demonstrate that

Article III standing exists. *See id*. "To establish Article III standing, an injury must be concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (internal quotation marks and citations omitted). But as clarified by the Supreme Court, Article III standing does not automatically exist "whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016), *as revised* (May 24, 2016). Rather, "Article III requires a concrete injury even in the context of a statutory violation." *Id*. And while a concrete injury need not be "tangible," *see TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021), "[c]onjectural, hypothetical, or speculative injuries . . . do not suffice." *Ctr. for Biological Diversity v. Bernhardt*, 946 F.3d 553, 560 (9th Cir. 2019).

Here, Defendant removed this action from King County Superior Court on the basis of diversity jurisdiction. *See* Dkt. # 1. But Defendant's Motion to Dismiss raises serious questions about whether this Court has subject matter jurisdiction. *See generally* Dkt. # 12. For example, Defendant argues that dismissal of the First Amended Complaint (FAC) is warranted because "there are no factual allegations that the provisions of Ulta Beauty's Code were applied to Plaintiff *at all*, much less in an unreasonable manner." *Id*. at 19. The motion and reply also suggest that Plaintiff's inability to pursue secondary employment because of the Code is purely speculative, as the FAC fails to plead any facts suggesting that she sought another job, let alone that the Code actually restricted, restrained, or prohibited her from doing so. *See id.* at 17–19; *see also* Dkt. # 19 at 9–10. And Defendant's filings repeatedly state that the FAC does not state a claim for relief because it does not plead that Plaintiff was "aggrieved by" a noncompetition covenant. *See generally* Dkt. ## 12 & 19.

In other words, Defendant seeks dismissal of Plaintiff's claims in part because she has not suffered an injury that is concrete, particularized, and actual or imminent. But Defendant "cannot have it both ways." *Nuri v. True Religion Apparel*, 2026 WL 864886, at *1 (W.D. Wash. Mar. 30, 2026). Either Plaintiff was "aggrieved by" the purported noncompetitive covenant, and this case belongs in federal court, or she was not, and this case must be remanded to state court for lack of Article III standing. In reviewing the FAC, the Court believes that it is the latter, as Defendant is correct that the FAC does not plead any facts that would suggest that Plaintiff suffered a concrete injury from the existence of the Code. *See generally* Dkt. # 9. The Court is thus tentatively inclined to find that it lacks subject matter jurisdiction, and to remand this case to state court for further proceedings.

Defendant is thus ORDERED TO SHOW CAUSE, on or before August 6, 2026, as to why this case should not be remanded to King County Superior Court; Defendant's brief may not exceed 2,100 words. If Defendant fails to show cause or file a response within that time, the Court will automatically remand the case for lack of subject matter jurisdiction.

The Clerk is directed to re-note Defendant's Motion to Dismiss (Dkt. # 12) for August 6, 2026.

Dated this 23rd day of July, 2026.

John H. Chun
United States District Judge