UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SARAH MINSON,<br><br>Plaintiff,<br><br>v.<br><br>ULTA SALON COSMETICS & FRAGRANCE INC ET AL.,<br><br>Defendants. | CASE NO. 2:25-cv-01675-JHC<br><br>ORDER |

This matter comes before the Court on its July 23, 2026 Order to Show Cause (Dkt. # 29) and Defendants' Response (Dkt. # 30). The Court has considered Defendants' Response, the record, and the governing law. Being fully advised, for the reasons below, the Court ORDERS this case remanded to the Superior Court of Washington for King County and STRIKES Defendant's Motion to Dismiss (Dkt. # 12) as moot.

On July 23, 2026, the Court ordered Defendant—the party that removed this case from state court—to show cause as to why this case should not be remanded for lack of Article III standing. *See generally* Dkt. # 29. Defendant responded that the Court should order dismissal, not remand, because the FAC pleads Article III standing. *See generally* Dkt. # 30. Specifically,

Defendant argues that: (1) a plaintiff can plead standing while still failing to state a claim upon which relief may be granted; and (2) Plaintiff pleads a concrete harm in the form of being prohibited "from obtaining supplemental employment with any of Ulta's competitors" as a result of Ulta's Code of Conduct (the Code). *See id*. Such argument, however, ignores the contents of the FAC and the arguments raised by Defendant's Motion to Dismiss.

While Defendant's Motion to Dismiss is focused on Plaintiff's failure to establish a statutory violation, Defendant argues that even if the Code is a "noncompetition covenant" under RCW 49.62.070, Plaintiff has still failed to state a claim because she fails to plead facts suggesting that the Code actually prohibited her from seeking or accepting other employment. *See* Dkt. # 12 at 18–19. In other words, Defendant says that the FAC alleges that Plaintiff could not obtain supplemental employment because she felt "subjectively discouraged" and speculated that she would face consequences if she sought such employment, not because the Code or any other action by Defendant actually prohibited her from doing so. *See id*.; *see also* Dkt. # 19 at 2. Thus, if the Court were to grant Defendant's Motion to Dismiss on this ground, it would first have to find that Plaintiff's claimed injury is speculative and not fairly traceable to Defendant's conduct. Such a finding, however, would negate the Court's subject-matter jurisdiction, thereby preventing it from ruling on the motion to dismiss.

In reviewing the FAC, the Court agrees with Defendant's general assertion: the FAC does not plead any particularized facts to suggest that Plaintiff could not pursue other employment because of Defendant. *See generally* Dkt. # 9. For example, the FAC does not plead that Plaintiff sought a second job or that Defendant told her she could not have one. *Id*. And while allegations of economic injuries often suffice to establish a concrete injury for Article III purposes, such injuries cannot sustain standing where, as here, they rest on a speculative chain of events, i.e., Plaintiff deciding to seek secondary employment and Defendant restricting her from

doing so. *See Ctr. for Biological Diversity v. Bernhardt*, 946 F.3d 553, 560 (9th Cir. 2019) ("Conjectural, hypothetical, or speculative injuries, such as allegations of possible future injury, do not suffice.") (cleaned up and citation omitted). Defendant's cited cases are also inapposite, as they involve the unique considerations and standing doctrines that exclusively apply in cases alleging Americans with Disabilities Act (ADA) violations or environmental harm.[1]

Plaintiff thus cannot be said to have pleaded an injury that is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). Accordingly, the Court concludes that it lacks subject matter jurisdiction over this action, and so remand is appropriate.

The Court REMANDS this case to King County Superior Court and STRIKES as moot the motion at Dkt. # 12. The Court DIRECTS the Clerk to mail a copy of this Order to the state court.

Dated this 13th day of August, 2026.

John H. Chun
United States District Judge

[1] *See, e.g.*, *Namisnak v. Uber Techs., Inc.*, 971 F.3d 1088, 1093 (9th Cir. 2020) (finding an allegation of intent sufficient to establish standing based on the ADA's "deterrent effect doctrine"); *C.R. Educ. & Enf't Ctr. v. Hosp. Props. Tr.*, 867 F.3d 1093, 1099 (9th Cir. 2017) (same); *Cent. Delta Water Agency v. U.S.*, 306 F.3d 938, 950 (9th Cir. 2002) (finding an alleged threat of harm sufficient to establish standing where the plaintiffs challenge a governmental action that creates a risk of environmental harm).